UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | ) |
|---|---|
| DAMON ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL ARCHIVES AND | ) |
| RECORDS ADMINISTRATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

_____

Civil Action No. 07CV0204 (JDB)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant National Archives and Records Administration, by and through undersigned

counsel, respectfully moves this Court for summary judgment because there are no material

issues of fact and defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In

support of this motion, Defendant refers the Court to the attached memorandum of points and

authorities, statement of material facts not in genuine dispute, and the declaration of James J.

Hastings.

*Pro Se* Plaintiff should take notice that any factual assertions contained in the affidavit

and other attachments in support of defendant's motion may be accepted by the Court as true

unless the plaintiff submits his own affidavits or other documentary evidence contradicting the

assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent

to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A statement of material facts not genuinely in dispute and draft order are also filed herewith.

Dated: April 4, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. - Room E 4112
Washington, D.C.  20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DAMON ELLIOTT,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 07CV0204 (JDB)
                                        )
NATIONAL ARCHIVES                       )
   AND RECORDS ADMINISTRATION,          )
                                        )
                                        )
            Defendant.                  )
_____)

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Defendant, through counsel, respectfully submits this memorandum of points and

authorities in support of its motion for summary judgment.

### SUMMARY

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

Plaintiff's FOIA request to the National Archives and Records Administration ("NARA"). The

request at issue here seeks records regarding the Beltsville Agricultural Center ("BARC").

Specifically, Plaintiff requests the title that demonstrates that the United States has jurisdiction

"over the land of the Beltsville Agricultural Research Center." See Attachment to Complaint.

Plaintiff's challenge should be denied and summary judgment granted to Defendant, because

NARA conducted a reasonable and adequate search for records and found none responsive to

Plaintiff's FOIA request.

## FACTUAL BACKGROUND

The relevant facts are contained in the attached Statement of Material Facts Not in Genuine Dispute.

## ARGUMENT

The core purpose of FOIA is to shed light on government operations and activity. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989). The statute was designed "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Department of the Air Force v. Rose, 425 U.S. 352, 361 (1976). Allowing public access to government documents will enable an informed citizenry to hold the governors accountable to the governed. John Doe Agency v. John Doe Corporation, 493 U.S. 146, 151 (1989).

FOIA, however, does not allow the public to have unfettered access to government files. McCutchen v. Department of Health and Human Services, 30 F.3d 183, 184 (D.C. Cir. 1994). Although disclosure is the dominant objective of FOIA, there are several exemptions to the statute's disclosure requirements. Department of Defense v. FLRA, 510 U.S. 487, 494 (1994). To protect materials from disclosure, the agency must show that they come within one of the FOIA exemptions. Public Citizen Health Research Group v. FDA, 185 F.3d 898, 904 (D.C. Cir. 1999). An agency is entitled to summary judgment where there are no material facts in dispute and the requested information has been produced or is exempted from disclosure under FOIA. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

# I.     Legal Standards

## A.     Evidentiary Standard for Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant—here Plaintiff—may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, Plaintiff must present some objective evidence that would enable the court to find he is entitled to relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

3

**B.    Summary Judgment in FOIA Cases**

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).  In a FOIA suit, an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  See Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

As a practical matter, this standard for summary judgment means that the agency must provide the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure.  See, e.g., Center for Nat'l Security Studies v. U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003); Hayden, 608 F.2d at 1384, 1386.  Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Security Studies, 331 F.3d at 927.

4

## II.    The NARA Conducted An Adequate Search for Responsive Records.

The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records.[1]  Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The issue is not whether there might possibly exist other records responsive to the request, but whether the search for responsive records was reasonable.  Id.  The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith.  Weisberg, 745 F.2d at 1485.  Summary judgment is appropriate where the agency submits  a "'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched,'" unless "a review of the record raises substantial doubt" about the adequacy of the search.  Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

The FOIA does not require that an agency search every division or field office in response to a FOIA request when responsive documents are likely to be located in one place.  Marks v. Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978).  "When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return; in other words, the agency generally need not 'search every record system.'"  Campbell v. United States

---

[1]  An agency must respond to a FOIA request only if it "reasonably describes" the records it seeks.  5 U.S.C. § 552(a)(3)(A).  A request meets this standard only if a professional agency employee familiar with the subject area is able to locate the requested records with a "reasonable amount of effort."  H.R. Rep. No. 93-876, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. 6271.

Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998), quoting Oglesby, 920 F.2d at 68.  "The agency is not required to speculate about potential leads" to the location of responsive documents, Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996), although it is required "to follow through on obvious leads to discover requested documents."  Valencia-Lucena, 180 F.3d at 325.  "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."  Safecard Serv., Inc. v. Securities & Exch. Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

In this case, the NARA conducted a reasonable search for responsive records and found none.  See Declaration of James J. Hastings ("Hastings Decl.") at ¶¶ 4-11.  Specifically, when NARA receives a Freedom of Information Act request for materials that may be among its archival holdings, the request is processed by NARA's Special Access and FOIA Staff.  See Hastings Decl. at ¶ 5.  The staff specializes in access to classified and unclassified sensitive records.  See id.  Upon receipt of a FOIA request, the Special Access and FOIA Staff logs the request into a tracking system, and then refers it to the appropriate unit for response within 20 days.  See id.  The appropriate unit assigns the request to a staff member who works with records of the type requested, such as records relating to the Department of Agriculture.  See id.  The staff member conducts a search of NARA's holdings using finding aids, often indexes or other paper documents that were provided by an agency with its records or created by NARA.  See id.

Plaintiff's requests were brought to the attention of NARA's General Counsel Staff, because of a pending FOIA lawsuit in the U.S. District Court for the District of Columbia involving Plaintiff and NARA (Elliott v. National Archives and Records Administration, 2006 WL 3783409, D.D.C., December 21, 2006).  See Hastings Decl. at ¶ 7.  His requests were not

6

clear on the specific document(s) being sought, or whether any such document(s) was ever required to be created or was in fact created. See id. at ¶ 8. Nevertheless, on December 21, 2006, General Counsel Staff brought the matter to the attention of NARA staff archivists for further investigation, and on December 28, 2006, forwarded copies of Plaintiff's requests. See id. and Attachment B thereto.

Approximately three to four hours were devoted to processing Plaintiff's requests, despite the fact that he failed to specify any particular documents or holdings that should be made the subject of a search. See Hastings Decl. at ¶ 9. In conducting this initial search, NARA staff reviewed finding aids for Record Group 121 (Public Buildings Service) and Record Group 16 (Records of the Office of the Secretary of Agriculture). See id. On January 5, 2007, NARA staff, who had also worked on previous, related requests by Plaintiff, reported that in light of the lack of specificity of the requests, an initial search of NARA's extensive finding aids had failed to produce any copies of the original titles. See id.

The FOIA requires that NARA provide public access to records created by NARA, or records among its holdings. See Hastings Decl. at ¶ 10. Although NARA provides overall information about its holdings, and specific documents if the time required to furnish that information is not excessive, NARA does not perform detailed research on otherwise open records. See 36 C.F.R. 1254.2.[2] In this case, Plaintiff's requests were unreasonably vague and broad. See Hastings Decl. at ¶ 11. They neither identify a specific document, nor provide

_____

[2] "Upon request, we provide overall information about our holdings or about specific documents. If the time required to furnish the information is not excessive and if the information is not restricted. . . . For anyone unable to visit, we may provide information contained in specific documents by offering copies of the documents for a fee . . . ." 36 C.F.R. 1254.2.

sufficiently clear guidance as to where a document would be located, if it was among NARA's

vast holdings.  See id.  Even so, NARA diligently searched its holdings for any records

responsive to Plaintiff's requests, and found no responsive records.  See id.

**III.    NARA's Declaration Is Sufficient.**

NARA has submitted in support of this motion the declaration of James J. Hastings.  Mr.

Hastings is presently employed as the Director of Access Programs for the Office of Records

Services - Washington, D.C., National Archives and Records Administration (NARA).  See

Hastings Decl. at ¶ 1.  NARA houses, preserves, and makes available to the public the

permanently valuable records created in the course of business conducted by the United States

Federal government.  See id.  Agencies, such as the Department of Agriculture, transfer their

permanently valuable records to NARA for permanent retention, and NARA, which retains

physical and legal custody over the records, makes them available to the public.  See id.  In his

capacity as Director of Access Programs, Mr. Hastings is responsible for public access to all of

the textual and special media records in the National Archives in the Washington, DC area.  See

id.

Mr. Hastings has been an archivist with NARA for 34 years.  See Hastings Decl. at ¶ 2.

He has held various positions during his career, including Director of the Nixon Presidential

Materials Project, Director of the Records Appraisal and Disposition Division, Director of the

Textual Archives Services Division.  See id.  He is familiar with the system and procedures

within NARA and documents held by it.  See id.  Throughout his career at NARA, he has been

responsible for determining the status of Federal records, identifying and describing the records,

and making them available to the public.  See id.

The statements contained in his declaration are based upon his personal knowledge, and upon information and belief accrued in the course of performing his official duties, including information obtained from his colleagues.  See Hastings Decl. at ¶ 3.  In describing NARA's response to Plaintiff's request, Mr. Hastings's declaration is sufficiently detailed and non-conclusory and provides the Court with an adequate basis for review of NARA's response to Plaintiff's request.  There is no evidence of bad faith by the agency.

**IV.    Summary Judgment Is Appropriate Because No Responsive Records Exist.**

Here, the agency carried its burden to show that it conducted a search reasonably calculated to uncover all responsive records.  See Hastings Decl. at ¶¶ 4-11; see Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d at 126.  That is all that is required.  Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120-21 (D.D.C. 1995)(no jurisdiction exists over claims where agency conducted good faith, reasonable search and found no responsive documents); Bartlett v. United States Dep't of Justice, 867 F. Supp. 314, 316 (E.D. Pa. 1994). When a FOIA request is pending, the agency is only able or obligated to release material that it actually has.  See Maynard, 986 F.2d at 564 ("The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.").   Because Plaintiff cannot receive documents that do not exist, judgment should be entered in favor of the Defendant.

## CONCLUSION

_____For the foregoing reasons, defendant respectfully requests entry of summary judgment.  A proposed order setting forth the relief requested is attached.

9

Respectfully submitted,


_____s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____s/_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on April 4, 2007, I served a copy of the foregoing

Defendant's Motion for Summary Judgment, a supporting memorandum, and a proposed Order

by first class mail, postage pre-paid, to the following:

Damon Elliott
Register No. 31034-037
P.O. Box 1034, FCC U.S.P.
Coleman, FL.  33521

_____
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DAMON ELLIOTT,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )        Civil Action No. 07CV0204 (JDB)
                                        )
NATIONAL ARCHIVES AND                   )
   RECORDS ADMINISTRATION,              )
                                        )
                                        )
              Defendant.                )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Rule 7(h), Defendant respectfully submits this statement of material

facts as to which it contends there is no genuine dispute.

1.     The holdings of the National Archives and Records and Records Administration's

("NARA") Access Programs are in the National Archives Building in Washington, D.C.,

and in the National Archives at College Park, Maryland.  See Declaration of James J.

Hastings ("Hastings Decl.") at ¶ 4.

2.     These holdings total approximately 2.2 million cubic feet, consisting of hundreds of

millions of textual records, photographs, architectural and engineering drawings, maps,

motion and sound recordings and many other formats.  Access Programs maintains these

records in organizational units that specialize in the particular record format.  See id.

3.     When NARA receives a Freedom of Information Act request for materials that may be

among our archival holdings, the request is processed by NARA's Special Access and

FOIA Staff.  The staff specializes in access to classified and unclassified sensitive

records.  <u>See</u> Hastings Decl. at ¶ 5.

4.      Upon receipt of a FOIA request, the Special Access and FOIA Staff logs the request into

a tracking system and then refers it to the appropriate unit for response within 20 days.

<u>See</u> <u>id.</u>  The appropriate unit assigns the request to a staff member who works with

records of the type requested, such as records relating to the Department of Agriculture.

<u>See</u> <u>id.</u>  The staff member conducts a search of NARA's holdings using finding aids, often

indexes or other paper documents that were provided by an agency with its records or

created by NARA.  <u>See</u> <u>id.</u>

5.      On December 13 and 20, 2006, Plaintiff filed Freedom of Information Act

requests with NARA.  <u>See</u> Hastings Decl. at ¶ 6 and Attachment A thereto.

6.      The requests are virtually identical in that they both cite to former U.S.C. Code §255.

Specifically, both requests provide in pertinent part:

> that acceptance by the Federal Government or exclusion or
> concurrent jurisdiction cannot be presumed but must be
> demonstrated by filing a notice with the Legislature of the State of
> Maryland and the report of the Attorney General of the United
> States that a perfect title had been secured over the land of the
> "Beltsville Agricultural Research Center" in MD.

Both requests conclude by indicating Plaintiff's belief that NARA "should be the

custodian of such" material, and his request to purchase the same.  <u>See</u> Hastings Decl. at ¶

6.

7.      The requests were brought to the attention of NARA's General Counsel Staff, because of

a pending FOIA lawsuit in the U.S. District Court for the District of Columbia involving

Plaintiff and NARA (<u>Elliott v. National Archives and Records Administration</u>, 2006 WL

3783409, D.D.C., December 21, 2006).  <u>See</u> Hastings Decl. at ¶ 7.

8.    On December 21, 2006, General Counsel Staff brought the matter to the attention of
NARA staff archivists for further investigation, and on December 28, 2006, forwarded
copies of Plaintiff's requests.  <u>See</u> Hastings Decl. at ¶ 8 and Attachment B thereto.

9.    Approximately three to four hours were devoted to processing Plaintiff's requests.  In
conducting this initial search, NARA staff reviewed finding aids for Record Group 121
(Public Buildings Service) and Record Group 16 (Records of the Office of the Secretary
of Agriculture).  <u>See</u> <u>id.</u> at ¶ 9.

10.    On January 5, 2007, NARA staff, who had also worked on previous, related requests by
Plaintiff, reported that in light of the lack of specificity of the requests, an initial search of
NARA's extensive finding aids had failed to produce any copies of the original titles.  <u>See</u>
<u>id.</u>

11.    Although NARA provides overall information about our holdings, and specific
documents if the time required to furnish that information is not excessive, NARA does
not perform detailed research on otherwise open records.  <u>See</u> Hastings Decl. at ¶ 10; 36
C.F.R. 1254.2.

Respectfully submitted,


____s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


____s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

3

<u>   s/                                                            </u>
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
DAMON ELLIOTT,                                      )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )        Civil Action No. 07CV0204 (JDB)
                                                    )
NATIONAL ARCHIVES AND                               )
    RECORDS ADMINISTRATION,                         )
                                                    )
                                                    )
                    Defendant.                      )
_____)

**ORDER**

UPON CONSIDERATION of Defendant's motion for summary judgment, the grounds

stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of

_____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C.  20530

Damon Elliott
Register No. 31034-037
P.O. Box 1034, FCC U.S.P.
Coleman, FL.  33521

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DAMON ELLIOTT,** | ) | |
| | ) | |
| **Pro-se Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-0204 (JDB)** |
| | ) | **(Electronic Filing)** |
| **NATIONAL ARCHIVES AND RECORDS** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DECLARATION OF JAMES J. HASTINGS

I, James J. Hastings, hereby declare the following to be true and correct:

1.      I am presently employed as the Director of Access Programs for the Office of

Records Services - Washington, D.C., National Archives and Records

Administration (NARA), located at 8601 Adelphi Road, College Park, Maryland.

NARA houses, preserves, and makes available to the public the permanently

valuable records created in the course of business conducted by the United States

Federal government.  Agencies, such as the Department of Agriculture, transfer

their permanently valuable records to NARA for permanent retention, and NARA,

which retains physical and legal custody over the records, makes them available

to the public.  In my capacity as Director of Access Programs I am responsible for

public access to all of the textual and special media records in the National

Archives in the Washington, DC area.

2.      I have been an archivist with NARA for 34 years.  I have held various positions

during my career, including Director of the Nixon Presidential Materials Project,

Director of the Records Appraisal and Disposition Division, Director of the Textual Archives Services Division. I am familiar with the system and procedures within NARA and documents held by it. Throughout my career at NARA I have been responsible for determining the status of Federal records, identifying and describing the records, and making them available to the public.

3.  The statements made herein are based upon my personal knowledge, and upon information and belief accrued in the course of performing my official duties, including information obtained from my colleagues.

4.  The holdings in our Access Programs are in the National Archives Building in Washington, D.C., and in the National Archives at College Park, Maryland. These holdings total approximately 2.2 million cubic feet, consisting of hundreds of millions of textual records, photographs, architectural and engineering drawings, maps, motion and sound recordings and many other formats. Access Programs maintains these records in organizational units that specialize in the particular record format.

5.  When NARA receives a Freedom of Information Act request for materials that may be among our archival holdings, the request is processed by NARA's Special Access and FOIA Staff. The staff specializes in access to classified and unclassified sensitive records. Upon receipt of a FOIA request, the Special Access and FOIA Staff logs the request into a tracking system and then refers it to the appropriate unit for response within 20 days. The appropriate unit assigns the request to a staff member who works with records of the type requested, such as records relating to the Department of Agriculture. The staff member conducts a

search of NARA's holdings using finding aids, often indexes or other paper

documents that were provided by an agency with its records or created by NARA.

6.    On December 13 and 20, 2006, Plaintiff filed Freedom of Information Act

requests with NARA. See Attachment A. The requests are virtually identical in

that they both cite to former U.S.C. Code §255. Specifically, both requests

provide in pertinent part:

> that acceptance by the Federal Government or exclusion or concurrent
> jurisdiction cannot be presumed but must be demonstrated by filing a
> notice with the Legislature of the State of Maryland and the report of the
> Attorney General of the United States that a perfect title had been secured
> over the land of the "Beltsville Agricultural Research Center" in MD.

Both requests conclude by indicating Plaintiff's belief that NARA "should be the

custodian of such" material, and his request to purchase the same.

7.    The requests were brought to the attention of NARA's General Counsel Staff,

because of a pending FOIA lawsuit in the U.S. District Court for the District of

Columbia involving Plaintiff and NARA (Elliott v. National Archives and

Records Administration, 2006 WL 3783409, D.D.C., December 21, 2006).

8.    Plaintiff's requests were not clear on the specific document(s) being sought, or

whether any such document(s) was ever required to be created or was in fact

created. Nevertheless, on December 21, 2006, General Counsel Staff brought the

matter to the attention of NARA staff archivists for further investigation, and on

December 28, 2006, forwarded copies of Plaintiff's requests. See Attachment B.

9.    Approximately three to four hours were devoted to processing Plaintiff's requests,

despite the fact that Plaintiff failed to specify any particular documents or

holdings that should be made the subject of a search. In conducting this initial

search, NARA staff reviewed finding aids for Record Group 121 (Public Buildings Service) and Record Group 16 (Records of the Office of the Secretary of Agriculture). On January 5, 2007, NARA staff, who had also worked on previous, related requests by Plaintiff, reported that in light of the lack of specificity of the requests, an initial search of NARA's extensive finding aids had failed to produce any copies of the original titles.

10.     The FOIA requires that NARA provide public access to records created by NARA, or records among our holdings. Although NARA provides overall information about our holdings, and specific documents if the time required to furnish that information is not excessive, NARA does not perform detailed research on otherwise open records. See 36 C.F.R. 1254.2.[1]

11.     In the instant case, Plaintiff's requests were unreasonably vague and broad. They neither identify a specific document, nor provide sufficiently clear guidance as to where a document would be located if it was among NARA's vast holdings. Even so, NARA diligently searched its holdings for any records responsive to Mr. Elliott's requests, and found no responsive records.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    Executed March 22, 2007

James A. Hastings

---

[1] "Upon request, we provide overall information about our holdings or about specific documents. If the time required to furnish the information is not excessive and if the information is not restricted. . . . For anyone unable to visit, we may provide information contained in specific documents by offering copies of the documents for a fee . . . ." *Id.*

Damon Elliott 31034-037
F.C.C. U.S.P.
P. O. Box 1034
Coleman, Fl. 33521

Received in NW __12/13/06__
Date Due __1/11/06__
Register No. __NW 28226__
Assigned to __NWCTC__

December 6, 2006
RE: PUBLIC INFORMATION/ F.O.I.A. REQUEST

Dear N.A.R.A. :

TITLE 40 U.S.C. § 255 PROVIDES :

that acceptance by the Federal Government
of exclusive or concurrent jurisdiction cannot
be presumed but must be demonstrated by
filing a notice with the Legislature of the
State of Maryland and the report of the
Attorney General of the United States that
a perfect title had been secured over the
Land of the "Beltsville Agriculture Research
Center" in Md.

This Office should be the custodian of
such Documents. A patron is requesting to
purchase the aforemention pursuant to
this statute.

NWCTC No. __0700 748__
Received __12/18__ Due __1-1-07__
Assigned To __Gene__

Damon Elliott

Attachment A,
P. 1

NARA
12/20/06

Damon Elliott 31034-037
F. C. C. U. S. P.
P. O. Box 1034
Coleman, Fl. 33521

December 6, 2006
RE: F. O. I. A. REQUEST

Dear N. A. R. A. :

TITLE 40 U. S. C. § 255 PROVIDES:

that acceptance by the Federal Government
of exclusion or concurrent jurisdiction cannot be
presumed but must be demonstrated by filing
a notice with the Legislature of the State
of Maryland and the report of the Attorney
General of the United States that a perfect
title had been secured over the Land of the
"Beltsville Agriculture Research Center" in MD.
    This Office should be the custodian of
such Records. Mr. Elliott want to purchase
the aforemention, pursuant this statute.

Damon Elliott

Attachment A,
P. 2

Case 1:07-cv-00264-JDB    Document 10-4    Filed 04/04/2007    Page 7 of 7

**From:** Andrew O'Malley
**To:** Morris, Eugene
**Date:** 12/28/2006 8:49:23 AM
**Subject:** Damon Elliott FOIA requests

Gene,

Elliott's two December FOIA requests are attached.  As Jeff noted in his 12/21 email, Elliott is asking for new or at least somewhat different information, so we should research the attached and respond to them as we would any other new FOIA request.  I will send the hard copies your way, but wanted to get you the pdfs this morning as you may not have much turn around time.  When you send a response to Elliott, please also send a copy to my attention in NGC.

Lastly, as I believe I mentioned on the phone yesterday, the judge granted summary judgment in our favor in Elliott's original case.

Thanks,
Andrew
Ext. 71928

**CC:**          Landou, Jeffrey

Attachment B