UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL ARCHIVES AND<br>  RECORDS ADMINISTRATION,<br><br>      Defendant. | Civil Action No. 07CV0204 (JDB) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Plaintiff's FOIA request to the National Archives and Records Administration ("NARA"). Plaintiff's opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition") states that Plaintiff is "not satisfied with the NARA initial response," . . . and that "he believe [sic] that the search conducted was not adequate, and believe [sic] that there are records responsive to his request that the NARA failed to locate . . ."  See Plaintiff's Opposition at 4.

Defendant respectfully moves this Court for summary judgment because Plaintiff has not raised any material issues of fact and Defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Defendant conducted an adequate search for responsive records, and the specific items Plaintiff requests do not exist.

**II.  LEGAL STANDARDS**

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987). Once the moving party has met its burden, the non-movant—here Plaintiff—may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, Plaintiff must present some objective evidence that would enable the Court to find he is entitled to relief.

    The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. See Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad

faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Security Studies, 331 F.3d at 927.

### III.  ARGUMENT

Plaintiff argues that because another agency had records responsive to his request, that the NARA must also have responsive records.  Essentially, he states that because in Elliott v. U.S. Department of Agriculture, Civil Action No. 07cv0202 (JDB), "the defendant located 2, 200 pages in response to plaintiff [sic] request for a copy of the title that demonstrates that the United States has jurisdiction over the land of the B.A.R.C."; that therefore, NARA must have records responsive to his request.  The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records.[1]  Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The issue is not whether there might possibly exist other records responsive to the request, but whether the search for responsive records was reasonable. Id.  Summary judgment is appropriate where the agency submits a "'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched,'" unless "a review of the record raises substantial doubt" about the adequacy of the search.  Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  "The agency is not required to speculate

---

[1] An agency must respond to a FOIA request only if it "reasonably describes" the records it seeks.  5 U.S.C. § 552(a)(3)(A).  A request meets this standard only if a professional agency employee familiar with the subject area is able to locate the requested records with a "reasonable amount of effort."  H.R. Rep. No. 93-876, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. 6271.

about potential leads" to the location of responsive documents, <u>Kowalczyk v. Department of Justice</u>, 73 F.3d 386, 389 (D.C. Cir. 1996), although it is required "to follow through on obvious leads to discover requested documents." <u>Valencia-Lucena</u>, 180 F.3d at 325.

In this case, the NARA conducted a reasonable search for responsive records and found none. <u>See</u> Declaration of James J. Hastings ("Hastings Decl.") at ¶¶ 4-11. Specifically, Plaintiff's request was processed by NARA's Special Access and FOIA Staff. <u>See</u> Hastings Decl. at ¶ 5. The staff specializes in access to classified and unclassified sensitive records. <u>See id.</u> Upon receipt of a FOIA request, the Special Access and FOIA Staff logs the request into a tracking system, and then refers it to the appropriate unit for response within 20 days. <u>See id.</u> The appropriate unit assigns the request to a staff member who works with records of the type requested, such as records relating to the Department of Agriculture. <u>See id.</u> The staff member conducts a search of NARA's holdings using finding aids, often indexes or other paper documents that were provided by an agency with its records or created by NARA. <u>See id.</u>

Plaintiff's requests were brought to the attention of NARA's General Counsel Staff, because of a pending FOIA lawsuit in the U.S. District Court for the District of Columbia involving Plaintiff and NARA (<u>Elliott v. National Archives and Records Administration</u>, 2006 WL 3783409, D.D.C., December 21, 2006). <u>See</u> Hastings Decl. at ¶ 7. His requests were not clear on the specific document(s) being sought, or whether any such document(s) was ever required to be created or was in fact created. <u>See id.</u> at ¶ 8. Nevertheless, on December 21, 2006, General Counsel Staff brought the matter to the attention of NARA staff archivists for further investigation, and on December 28, 2006, forwarded copies of Plaintiff's requests. <u>See id.</u> and Attachment B thereto.

Approximately three to four hours were devoted to processing Plaintiff's requests, despite the fact that he failed to specify any particular documents or holdings that should be made the subject of a search. See Hastings Decl. at ¶ 9. In conducting this initial search, NARA staff reviewed finding aids for Record Group 121 (Public Buildings Service) and Record Group 16 (Records of the Office of the Secretary of Agriculture). See id. On January 5, 2007, NARA staff, who had also worked on previous, related requests by Plaintiff, reported that in light of the lack of specificity of the requests, an initial search of NARA's extensive finding aids had failed to produce any copies of the original titles. See id.

Once an agency has provided adequate affidavits, the burden shifts back to the Plaintiff to demonstrate a lack of a good faith search. Maynard v. CIA, 986 F.2d 547, 560 (1st Cir. 1993) (citing Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)); Oglesby, 920 F.2d at 67, n. 13 ("[H]ypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search."); Chamberlain v. United States Dep't of Justice, 957 F. Supp. 292, 294 (D.D.C. 1997) ("It is well established that '[a]gency affidavits enjoy a presumption of good faith that withstand[s] purely speculative claims about the existence and discoverability of other documents," (*quoting* Albuquerque Publ'g Co. v. United States Dep't of Justice, 726 F. Supp. 851, 860 (D.D.C. 1989)). Therefore, if Plaintiff fails to rebut the agency affidavits with evidence of bad faith, summary judgment is proper. Miller, 779 F.2d at 1383.

In response to the Defendant's detailed declaration, Plaintiff offers only "[m]ere speculation that as yet uncovered documents may exist . . ." Safecard Serv., Inc. v. Securities & Exch. Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991). This is an insufficient basis to

"undermine the finding that the agency conducted a reasonable search for" responsive records. See id.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests entry of summary judgment.

Respectfully submitted,

<u>     s/                                          </u>
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


<u>     s/                                          </u>
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


<u>     s/                                          </u>
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 3, 2007, I served a copy of the foregoing Defendant's Reply in Support of Motion for Summary Judgment, by first class mail, postage pre-paid, to the following:

>    Damon Elliott
>    Register No. 31034-037
>    P.O. Box 1034, FCC U.S.P.
>    Coleman, FL.  33521

>    _____
>    KAREN L. MELNIK, D.C. Bar #436452
>    Assistant United States Attorney
>    Civil Division
>    555 4th Street, N.W.
>    Washington, D.C.  20530
>    (202) 307-0338