UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DAMON ELLIOTT,

    Plaintiff,

v.    Civil Action No. 07-0204 (JDB)

NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION,

    Defendant.

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

Plaintiff submits his own affidavits or other documentary evidence contradicting defendant assertion.

NARA houses, preserves, and makes available to the public the permanently valuable records created in the course of business conducted by the United States Federal Government. Agencies, such as Department of Agriculture, transfer their permanently valuable records to NARA for permanent

retention, and NARA, which retains physical and legal custody over the records, makes them available to the public. See Hastings Decl. at 1.

Plaintiff made a FOIA request for a copy of the title that demonstrates that the United States has jurisdiction over the land of the Beltsville Agriculture Research Center (B.A.R.C.) in Maryland.

NARA diligently searched its holdings for any records responsive to Mr. Elliott (Plaintiff's) requests, and found no responsive records. See Hastings Decl. at 11.

## BAD FAITH ON PART OF THE AGENCY

In <u>Damon Elliott v. United States Department of Agriculture</u>, 07-0202 (JDB) currently pending before this court, the defendant located 2,200 pages in response to plaintiff request for a copy of the title that demonstrates that the United States has jurisdiction over the land of the (B.A.R.C.).

## ARGUMENT

Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dep't of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000) (quoting McGhee v. C.I.A., 697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Sec. Studies, 331 F.3d at 927.

An Agency may not limit search to one record system if others are likely to contain responsive records); Ogelsby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

Sousa v. United States Department of Justice, No. 95-375, 1996 U.S. Dist. LEXIS 18627, at 31-33 (D.D.C. Dec. 9, 1996) directing agency to amend affidavits to "provide a description of their filing system and an explanation of why only certain files were searched."

If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d 542 (D.C. Cir.)

## FACTS

Plaintiff made this same F.O.I.A. request on February 13, 2002 and receive by NARA on March 6, 2002, for access to "the Certificate of Acceptance of Legislative Jurisdiction" over Building 22 of the Beltsville Agriculture Research Center in Maryland. <u>see attach</u>

## CONCLUSION

Plaintiff is not satisfied with the NARA initial response, he disagree with the NARA decision with forwarding his letter to the Center of Legislative Archives with no response, and he believe that the search conducted was not adequate, and believe that there are records responsive to his request that the NARA failed to locate, and Plaintiff remedy remain the same.

## National Archives and Records Administration

700 Pennsylvania Avenue, NW
Washington, DC 20408-0001

March 15, 2002

Damon Elliott 31034037
Box PMB
601 McDonough Blvd., S.E.
Atlanta, GA 30315

Dear Mr. Elliott:

This is in reply to your letter of February 13, 2002, requesting, under the provisions of the Freedom of Information Act (FOIA), access to "the Certificate of Acceptance of Legislative Jurisdiction" over Building 22 of the Beltsville Agriculture Research Center in Maryland. The National Archives FOIA staff received your letter on March 6, 2002, and for reference purposes assigned it the number of NW 21232. They then sent your letter to the Center for Legislative Archives as the office appropriate for response. Please note that according to 5 USC 552(e), the records of Congress are not subject to the provisions of the Freedom of Information Act.

Our office is unfamiliar with the kind of certificate to which you refer. If it relates to action by Congress, the information would be available to you or a research associate at a library in Atlanta that holds publications of the U.S. Government. Enclosed is a list of such libraries.

Another approach would be for you to contract the Beltsville Agriculture Research Center to see if they can help you. Their address is: Bldg. 003, Beltsville Agricultural Research Ctr. W., Beltsville, MD 20705.

Sincerely,

*Rodney A. Ross*

RODNEY A. ROSS
Center for Legislative Archives

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Reply to Defendant's Opposition to the Motion for Summary Judgment was served upon Defendant by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Karen L. Melnik
A.U.S.A. - RM E-4112
555 4TH St., N.W.
Washington, D.C. 20530

on this 23rd day of April 2007.

                        DAMON ELLIOTT 31034-037
                        F.C.C. U.S.P.
                        P.O. Box 1034
                        Coleman, Fl. 33521