UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

    v.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,

    Defendant.

Civil Action No. 07-0204 (JDB)

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. For the reasons set forth below, the motion will be granted.

I. BACKGROUND

On or about December 5, 2006, plaintiff submitted to the National Archives and Records Administration ("NARA") a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Complaint ("Compl.") at 2. Plaintiff sought to purchase copies of records pertaining to federal ownership of the land on which the Beltsville Agricultural Research Center ("BARC") is located. *Id.* & Attach. (Dec. 5, 2006 FOIA Request).

NARA received two slightly different FOIA requests, both dated December 6, 2006, requesting the same records. Defendant's Memorandum in Support of Motion for Summary Judgment ("Def.'s Mot."), Declaration of James J. Hastings ("Hastings Decl.") ¶ 6 & Attach. A at 1-2. Both of these requests cited 40 U.S.C. § 255 and stated in relevant part:

> that acceptance by the Federal Government of exclusive or concurrent jurisdiction cannot be presumed but must be demonstrated by filing a notice with the Legislature of the State of Maryland and the report of the Attorney General of the United States that a perfect title had been secured . . . over the land of the Beltsville Agricultural Research Center.

Compl., Attach. (internal quotation marks omitted). According to plaintiff, NARA did not respond to his request in a timely manner, and he brings this action to compel disclosure of the requested records. *Id.* at 2.

## II.  DISCUSSION

### *A.  Summary Judgment in a FOIA Case*

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994); *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The Court may award summary judgment solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

---

[1] In support of its motion, NARA submits the declaration of James J. Hastings, who presently is the Director of Access Programs for the Office of Records Services – Washington, D.C. Hastings Decl. ¶ 1. In this capacity, he is "responsible for public access to all of the textual and specific media records in the National Archives in the Washington, DC area." *Id.* He states that he has been an archivist at NARA for 34 years and that he is "familiar with the system and procedures within NARA and the documents held by it." *Id.* ¶ 2.

### B. NARA's Search for Responsive Records Was Adequate

#### 1. Search Standards

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency is obligated to make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citing *Weisberg*, 745 F.2d at 1485). An agency may meet its burden by providing an affidavit or declaration which sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (citing *Valencia-Lucena*, 180 F.3d at 326). Such affidavits or declarations "enjoy a presumption of good faith that withstand purely speculative claims about the existence and discoverability of other documents." *Chamberlain v. United States Dep't of Justice*, 957 F. Supp. 292, 294 (D.D.C.) (citation omitted), *aff'd per curiam*, 124 F.3d 1309 (D.C. Cir. 1997).

#### 2. NARA's Search

NARA "houses, preserves, and makes available to the public the permanently valuable records created in the course of business conducted by the United States Federal government." Hastings Decl. ¶ 1. Federal agencies, including the United States Department of Agriculture, "transfer their permanently valuable records to NARA for permanent retention." *Id.* Holdings of NARA's Access Programs "consist[] of hundreds of millions of textual records, photographs, architectural and engineering drawings, maps, motion and sound recordings and many other

formats[,]" and NARA "maintains these records in organizational units that specialize in a particular record format." *Id.* ¶ 4.

When NARA receives a FOIA request, the agency's staff logs the request into a tracking system and refers the request to the appropriate unit. Hastings Decl. ¶ 5. The request then is assigned to a staff member in the unit who works with the type of records requested. *Id.* A search is conducted of NARA's holdings "using finding aids, often indexes or other paper documents that were provided by an agency with its records or created by NARA." *Id.*

Plaintiff's requests neither identified particular documents nor provided sufficient guidance as to where responsive records might be located. Hastings Decl. ¶¶ 8, 11. Notwithstanding the vagueness of the request, staff who had worked on plaintiff's prior FOIA requests to NARA devoted three to four hours to a search. *Id.* ¶ 9. Staff "reviewed finding aids for Record Group 121 (Public Buildings Service) and Record Group 16 (Records of the Office of the Secretary of Agriculture)," yet located no records responsive to the instant request. *Id.*

Plaintiff challenges the adequacy of NARA's search evidently on the ground that his request for this same information to the Department of Agriculture yielded more than 2000 pages of records. Plaintiff's Reply to Defendant's Opposition to the Motion for Summary Judgment ("Pl.'s Opp'n") at 2. He "is not satisfied with the NARA initial response" and "believe[s] that there are records responsive to his request that NARA failed to locate[.]" *Id*. at 4. However, results from a search for records maintained by another agency are irrelevant and are not probative of the adequacy of NARA's search. There is no reason to conclude that NARA has responsive records that it failed to find because its search was not adequate.

The Court concludes, then, that NARA's search was "reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325. Its supporting declaration is

"accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Indeed, an agency's search is not presumed unreasonable even if it fails to find all the requested information. *See Steinberg*, 23 F.3d at 551 (the question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"); *see also Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

Finally, plaintiff has failed to meet his evidentiary burden in challenging the adequacy of the NARA search. He must present evidence rebutting the agency's initial showing of a good faith search, and he has utterly failed to do so here. *See Maynard v. Central Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983).

### III.  CONCLUSION

NARA has conducted an adequate and reasonable search for records responsive to plaintiff's FOIA request and has demonstrated its compliance with FOIA. Accordingly, the Court will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued separately on this date.

Date:  October 30, 2007

/s/
JOHN D. BATES
United States District Judge